UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRITPAL SINGH GILL,
A 245-730-272,

Petitioner,

v.

CHESTNUT, et al.,

Respondents.

No. 1:26-cv-1091 DC AC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned recommends that petitioner's petition be granted, respondents' be enjoined from re-detaining petitioner absent specific constitutional procedures, and respondents' motion to dismiss or request to hold the matter in abeyance (ECF No. 9) be denied.

I. Factual and Procedural History

Petitioner, a native and citizen of India, entered the United States in January 2024, was detained by immigration officers and released on an Order of Release on Recognizance ("ROR") the same day. ECF No. 1 (Verified Petition) at 3-4; ECF No. 1-2 at 2, 8 (Order of Release on

Recognizance). On November 21, 2025, ICE detained petitioner at his check-in appoint. ECF No. 1 at 4. ICE did not allege any violation of release conditions, changed circumstances, or individualized custody determination. Id. Petitioner was detained without the possibility of release on bond. Id. at 9; ECF No. 9 at 1-2.

On February 7, 2026, the court received the petition for writ of habeas corpus, which petitioner submitted along with a motion for temporary restraining order. ECF Nos. 1, 2. The petition asserts that petitioner's detention violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA"). ECF No. 1 at 8-10. By way of relief, petitioner seeks a declaration that his detention violates the Fifth Amendment Due Process Clause and/or the INA, release from immigration custody, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 10-11.

The court issued a briefing order (1) stating that the court was contemplating ruling directly on the petition and would consider any arguments made and exhibits submitted in support of the motion for temporary restraining order; (2) ordering a response to the motion, which "shall substantively address whether there are any factual or legal issues in this case that materially distinguish it from" Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); and (3) directing both parties to inform the court "whether they oppose the court ruling directly on the petition, albeit as to Count Two only, to the extent a ruling on that count entitles Petitioner to the relief sought in the petition." ECF No. 6.

In response, respondents filed a motion to dismiss the petition "acknowledging that there are no material legal or factual issues that distinguish it from the cases cited by the Court," ECF No. 9 at 2; disputing that petitioner fully complied with the conditions of his release and never missed a check-in, id. at 2-3; and arguing that the court should deny the petition because petitioner entered the United States unlawfully and he is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and who "does not possess a

right to freedom from immigration detention in any form other than the form provided by Congress," id. at 1-2. Alternatively, respondents ask that the court hold the matter in abeyance pending a decision by the Ninth Circuit Court of Appeals in Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No. 1:25-cv-00978 KES EPG, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). Id. at 2.

Petitioner filed a reply contesting that the record establishes any violation of the conditions of his release and asserting that, even if there had been a violation, ICE failed to provide notice of those violations and an opportunity to respond. ECF No. 11 at 2-3.

In light of respondents' non-opposition to treating the motion for temporary restraining order to a motion for preliminary injunction and inability to distinguish from Selis Tinoco, Labrado-Prato, or D.L.C., the court adopted the reasoning in those cases, rejected respondents' reliance on Buenrostro-Mendez, granted the motion for temporary restraining order, ordered petitioner's immediate release, enjoined the government from re-detaining petitioner absent pre-deprivation notice and bond hearing "before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered," issued a preliminary injunction on the same terms, and referred this matter to the undersigned. ECF No. 12.

The undersigned issued a minute order directing petitioner to notify the court whether he opposes respondents' request for a stay pending the outcome of the appeals in Rodriguez Vazquez and/or Benavides Carballo and, if so, on what grounds. ECF No. 13. The undersigned also issued a minute order providing the parties with an opportunity to file supplemental briefing and evidence. ECF No. 14.

Respondents filed a supplemental response arguing that the petition should be denied as moot because petitioner's release from custody extinguished a case or controversy. ECF No. 15. In the alternative, respondents argued that the petition should be denied for the reasons stated in their prior filing (ECF No. 9). Id.

Petitioner filed a supplemental reply arguing that (1) respondent's compliance with this court's preliminary injunction does not moot the action because respondent continues to rely on

the same detention framework; (2) a controversy regarding petitioner's future re-detention remains live in light of the preliminary injunction, which has not yet been made permanent; (3) the court should grant final habeas relief on the same basis as the preliminary injunction because respondents failed to identify any material difference between petitioner's case and the court's prior decisions granting relief and "[r]espondents' supplemental response raises no new legal issues and identifies no intervening authority undermining those prior rulings"; and (4) a stay is unwarranted. ECF No. 16 at 2-4. The case is deemed submitted.

II. Analysis

As an initial matter, the undersigned rejects respondents' argument that the § 2241 petition should be dismissed in light of petitioner's release from custody. As another court has explained,

> Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process.

L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026).

For the reasons indicated in the court's minute order granting preliminary injunctive relief, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 petition be granted based on the violation of petitioner's procedural due process rights under the Fifth Amendment Due Process Clause. See ECF No. 12; Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; and D.L.C., 2026 WL 25511.

To the extent respondents' motion to dismiss attempts to distinguish these cases based on petitioner's alleged violations of the conditions of his release, the undersigned is unpersuaded for two reasons. First, as petitioner points out, respondents provide nothing more than a general statement that petitioner was re-detained "[d]ue to multiple violations with ATD ISAP program." See ECF No. 9-1 at 3. Respondents do not provide dates or details regarding these alleged violations to substantiate them. Second, the undersigned is unconvinced the distinction is material to the issue presented, particularly in light of respondents' concession "that there are no

material legal or factual issues that distinguish it from the cases cited by the Court." ECF No. 9 at 2.

In addition, the undersigned finds respondents' position—that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)—and reliance on Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) contrary to recent Ninth Circuit precedent. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing).

By way of relief, the undersigned recommends that respondents be enjoined from re-arresting and re-detaining petitioner absent pre-deprivation procedures and that the government shall bear the burden of proof to justify petitioner's re-detention. See United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings); N.G. v. Andrews, No. 1:26-cv-5768 TLN AC, 2026 WL 2267943, at *4 (E.D. Cal. Aug. 6, 2026) ("The Court vehemently rejects Respondents' argument that the appropriate remedy for the violation of Petitioner's constitutional rights is to give Respondents a second chance to come into conformity with their governing laws."); Lopez-Morales v. Warden, No. 1:26-cv-2416 DAD SCR, 2026 WL 2018611, at *4 (E.D. Cal. July 13, 2026) (explaining that a generic bond hearing under §1226(a) is not "an equivalent remedy for the due process violation here when it effectively required Petitioner to justify her own detention that was unlawful from the start"); Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419, at *5 (noting that the court previously found that the government "bear[s] the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community of flight risk and that no less restrictive alternative can reasonably ensure his appearance and community safety . . . where the noncitizen had previously been released from ICE detention).

In light of the Ninth Circuit's decision in Rodriguez Vazquez, the undersigned further recommends that respondents' request to hold this matter in abeyance pending a decision in

Rodriguez Vazquez be denied as moot. See Rodriguez Vazquez, 183 F.4th 1160. The undersigned also recommends the request to hold this matter in abeyance pending decision in Benavides Caraballo be denied because respondents have not explained how Benivadez Carballo—a case concerning an as applied challenge to mandatory detention under 8 U.S.C. § 1226(c) and whether release pursuant to a settlement agreement can overcome the categorical mandatory detention under 8 U.S.C. § 1226(c)—may have precedential effect on this case. See Benavides Carballo v. Andrews, No. 25-6533 (9th Cir), Dkt. 12 (Opening Brief). Because the undersigned recommends release on different grounds than those at issue in Rodriguez Vazquez and Benivadez Carballo, and the Ninth Circuit already issued a decision in Rodriguez Vazquez, a stay is not warranted.

Lastly, in light of the recommendation to grant the petition, the court recommends respondents' motion to dismiss be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim.

2. The court DECLARE petitioner's re-detention in November 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

4. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

5. Respondents' motion to dismiss or hold the matter in abeyance (ECF No. 9) be DENIED.

6. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

7. All other pending motions, if any, be DENIED as MOOT.

8. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE