UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRITPAL SINGH GILL, A 245-730-272,

Petitioner,

v.

CHESTNUT, et al.,

Respondents.

No. 1:26-cv-1091-DC-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 9, 18)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. ECF No. 18. Respondents filed objections to the findings and recommendations, citing Rodriguez Diaz v. Garland, 53 F.4th 1889 (9th Cir. 2022) in support of their argument that the court should not impose an injunction exceeding the statute. ECF No. 19. However, Rodriguez Diaz is inapposite because it did *not* involve an issue regarding the procedural due process rights of a noncitizen who was re-detained after a prior release, nor did it involve circumstances in which a noncitizen was *denied* the procedures under 8 U.S.C. § 1226(a) and it's implementing regulations *throughout* his detention.

See Rodriguez Diaz, 53 F.4th at 1209 (finding that the risk of erroneous deprivation was "relatively small" because petitioner was afforded the procedures under § 1226 and it's implementing regulations, which included a bond hearing, and the right to seek an additional bond hearing if the circumstances materially changed throughout his detention). Moreover, as noted in the findings and recommendations, the court has flexible power to fashion equitable relief, United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), and agrees that under the circumstances presented in this case, an injunction against re-detention absent constitutionally required procedures is warranted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 19) are ADOPTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED on the Fifth Amendment procedural due process claim;

3. The court DECLARES petitioner's re-detention in November 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause;

4. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered;

5. In the interest of judicial economy, the remaining claims in the § 2241 petition are DISMISSED WITHOUT PREJUDICE;

6. Respondents' motion to dismiss or hold the matter in abeyance (ECF No. 9) is DENIED;

7. Petitioner's request for attorney's fees and costs is DENIED WITHOUT PREJUDICE

to bringing a properly noticed and supported motion; and

8. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Dena Coggins
United States District Judge